Submitted December 8, 1976, affirmed January 10, 1977

In the Matter of Grace George, Winga George, Dorothea George and Victor George, Children.
STATE ex rel JUVENILE DEPARTMENT OF CLACKAMAS COUNTY et al, *Respondents,*

*v.*

GEORGE, *Appellant.*

(No. 5024, CA 4897)

558 P2d 1235

Richard C. Helgeson, Oregon City, filed the brief for appellant.

Kenneth B. Stewart, Deputy District Attorney, Oregon City, filed the brief for respondents.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

SCHWAB, C. J.

[ 5 ]

## SCHWAB, C. J.

Defendant appeals from the trial court's denial of her motion to set aside its order terminating her parental rights in two of her children.

On October 23, 1974, the defendant's parental rights were terminated following a hearing at which she had been represented by court-appointed counsel. She advised her attorney that she wished to appeal, but was told by him that an appeal would cost $1,000. She then discharged her attorney and wrote to the Clackamas County Juvenile Department on October 28, stating that she had discharged her attorney, that she was "deeply considering" appealing, and she was inquiring as to how much time she had to appeal.

The juvenile department misplaced defendant's letter, and did not respond until December 30—more than a month after the time for appeal had elapsed. In its letter, the juvenile department stated defendant should immediately contact the department so that an attorney could be appointed and she could consult with him regarding the possibility of appeal. A second attorney was appointed by the court, and on May 15, 1975, the motion to set aside the termination order was filed pursuant to ORS 419.529(1).[1]

After a hearing at which defendant testified, the court in effect offered to set aside the termination order, and then to immediately reinstate it, so that the time for appeal would begin to run anew.[2] Defendant declined the court's offer, insisting instead that she be given a new hearing on the merits of the termination. The court then denied defendant's motion, and stated that it found defendant to be "an intelligent, capable

---

[1] ORS 419.529(1) provides:

" * * * [T]he court may modify or set aside any order made by it upon such notice and with such hearing as the court may direct."

[2] We make no finding as to whether the procedure mentioned by the court is an appropriate one.

[ 7 ]

person and capable of understanding," and that defendant had been aware of her right to appeal.

We have reviewed the record, and conclude that the evidence does not warrant setting aside the termination order. If any prejudice lay to defendant's rights, it was concerned only with her right to appeal, and not with the adequacy of the termination hearing itself. She expressly refused to participate in a procedure which could have afforded the right of appeal to her.

Affirmed.